UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

RYAN VANTRELL HARRIS (#391818)           CIVIL ACTION

VERSUS

LA. DEPT. OF CORR., ET AL.           NO. 15-0341-JWD-RLB

## RULING

This matter comes before the Court in connection with the Court's Order dated June 2, 2015 (R. Doc. 3), denying the plaintiff authorization to proceed *in forma pauperis* in this case and directing him to pay, within thirty (30) days, the full amount of the Court's filing fee.

On June 2, 2015, pursuant to the "three strikes" provision of 28 U.S.C. § 1915(g), the Court denied the plaintiff's motion to proceed *in forma pauperis* and ordered him to pay, within 30 days, the full amount of the Court's filing fee (R. Doc. 3). The plaintiff was placed on notice that a failure to comply with the Court's Order "shall result in the dismissal of the plaintiff's Complaint without further notice from the Court." *Id.*

In accordance with 28 U.S.C. § 1915, a prisoner filing a civil action or appeal in federal court may be granted *in forma pauperis* status but is nonetheless required to pay the full amount of the Court's filing fee over time in incremental installments. However, such incremental payments are not allowed and pauper status shall be denied where the prisoner has filed, on at least three prior occasions while incarcerated, actions or appeals that have been dismissed as legally baseless. Specifically:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a

claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

In the instant case, the plaintiff has, on three or more prior occasions while incarcerated, brought actions or appeals in the federal courts that have been dismissed as frivolous or for failure to state a claim upon which relief may be granted.[1] Accordingly, pursuant to *Adepegba v. Hammons*, 103 F.3d 383 (5th Cir. 1996), and 28 U.S.C. § 1915(g), this Court denied the plaintiff's motion to proceed *in forma pauperis* and directed him to pay the full amount of the Court's filing fee within 30 days.[2] Now, a review of the record by the Court reflects that the plaintiff has failed to pay the filing fee as ordered. Accordingly,

**IT IS ORDERED** that the above-captioned proceeding be dismissed, without prejudice, for failure of the plaintiff to pay the Court's filing fee.

Judgment shall be entered accordingly.

Signed in Baton Rouge, Louisiana, on July 15, 2015.

_____
**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

1. Cases or appeals filed by the plaintiff which have been dismissed by the federal courts as frivolous or for failure to state a claim include, but are not limited to, *Ryan Vantrell Harris v. Dixon Correctional Institute, et al.*, Civil Action No. 11-0481-BAJ-SCR (M.D. La.), *Ryan Vantrell Harris v. Dixon Correctional Institute, et al.*, Civil Action No. 11-0643-JJB-SCR (M.D. La.), and *Ryan V. Harris v. Louisiana Department of Correction & Public Safety*, Civil Action No. 14-0800-SDD-SCR (M.D. La.).

2. The Court has previously determined that the allegations of the plaintiff's Complaint do not meet the "imminent danger" exception contained in 28 U.S.C. § 1915(g). *See* R. Doc. 3 at n. 2.